# Appeal of Solomon Close et. al

Upon proceedings in partition land of a decedent was sold subject to a dower charge in favor of his widow. Subsequently, the widow purchased the land and afterwards made an assignment for the benefit of creditors. The assignees conveyed the land to a purchaser, their deed containing the clause "subject to the dower of . . . the widow, . . . to remain charged upon the premises." *Held,* that the widow's dower interest was charged upon the land in the hands of the purchaser from her assignees.

In the above case, the land being sold under a mortgage executed by

NOTE.—Dower interest in land is not devested by sale of the land on executions during the lifetime of the widow. Helfrich v. Weaver, 61 Pa. 385; Topson v. Sipe, 116 Pa. 588, 11 Atl. 873. Though the contrary is true where the widow is deceased. Grove's Appeal, 103 Pa. 562. Arrears of dower are, however, discharged by the sheriff's sale. Davison's Appeal, 95 Pa. 394. Unless protected by an intervening mortgage. Heller's Appeal, 116 Pa. 534, 8 Atl. 790. But the accruing interest is not. Luther v. Wagner, 107 Pa. 343.

the ·purchaser, arrearages of interest due the widow were properly paid out of the proceeds.

When the first lien after a fixed charge on land is devested by a sheriff's sale, the interest due on the fixed charge at the time of the sale is payable out of the proceeds.

(Argued February 29, 1888.  Decided April 30, 1888.)

January Term, 1887, No. 352, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ.  Appeal from a decree of the Common Pleas of Berks County confirming the report of a commissioner distributing proceeds of a sheriff's sale, on *lev. fa.,* February Term, 1884, No. 4.  Affirmed.

The commissioner, Charles C. Kehr, Esq., reported, *inter alia,* as follows:

Upon proceedings in partition had upon the estate of Solomon Faust, deceased, Elizabeth Faust, widow of said decedent, and William Faust were appointed trustees to sell his real estate.  They sold same to Joseph Faust for $11,894.44, subject to a dower charge, in favor of said widow, of $3,544.39, deed dated April 14, 1873.

On April 26, 1873, Joseph Faust sold the undivided half part of said real estate to said Elizabeth Faust, and on April 17, 1878, he conveyed the remaining half interest to the said widow, whereby the entire fee simple vested in her.

While Elizabeth Faust was thus seised of the said real estate, she made a voluntary assignment for the benefit of her creditors to John H. Riegel and George W. B. Kauffman, by deed dated October 30, 1879.  This deed of assignment is in the usual form.  It contains no reservation excepting the $300 exemption.

The assignees in their petition to court, asking for an order of sale, state among other charges and encumbrances a "dower charge or widow's third, amounting to $3,544.39, the interest whereof is payable to Elizabeth Faust during life, and the principal after her death to the heirs of Solomon Faust, deceased."

The return to the order of sale shows that the property was sold to Frederick F. Faust, for $2,087.72, subject, among other charges, "to a dower of the widow and heirs of Solomon Faust, deceased, of $3,544.39."

The conditions of sale were not produced before the commis-

sioner; but John H. Riegel, one of the assignees, in his testimony regarding the dower charges, says his impression is that the reservation was not in the conditions of sale, but that after he had read the conditions on the day of sale he stated what charges were on the land; he stated that the dower charge of $3,544.39 should remain on the land, and that Mrs. Faust was to have the interest of it during life, and the Faust children after her death.

The deed of the assignees to Frederick F. Faust, the purchaser, is dated April 5, 1881, wherein appears the following clause: "Subject to the dower of Elizabeth Faust, widow of Solomon Faust, deceased, to remain charged upon the premises, amounting to $3,544.39, the interest whereof to be paid annually and regularly to said widow of said deceased as long as she lives, and after her decease the said principal to the heirs and legal representatives of the said Solomon Faust, deceased."

Upon this title Frederick F. Faust borrowed a sum of money from Solomon Close and Z. H. Maurer, and executed to them a mortgage on said premises. Messrs. Close and Maurer sold this mortgage to Levy H. Liess, who foreclosed the same; and the sheriff of Berks county offered her property at public sale, when Solomon Close and Z. H. Maurer, the mortgagees, became the purchasers. The proceeds of this sale are the funds in this court for distribution.

Messrs. Wanner & Zieber, representing Mrs. Faust, claim interest on dower in the premises sold as aforesaid, from the date of the deed of the assignees of said Elizabeth Faust under the order of sale of the court of common pleas up to the day of sheriff's sale, out of the proceeds of sheriff's sale, on $3,544.39.

D. E. Schroeder, Esq., for Close and Maurer, contended at the first meeting that their assignee of the mortgage is entitled to the entire fund because Elizabeth Faust, by virtue of the deed of assignment for creditors, devested herself of all interest in the assigned and mortgaged premises, for the purpose therein contained, and also for the reason that in the absence of notice at the sheriff's sale she is not entitled to make any claim upon this fund and is estopped by reason of the assignment.

At the argument, however, Mr. Schroeder contended that at the time Mrs. Faust purchased the fee simple of the premises upon which her dower was charged, her dower interest was

merged in the fee simple title, for which reason she is not entitled to any interest on said dower.

I will in the first place pass upon the legal effect of the acts of the parties as shown by the evidence.

That the widow's dower interest is such an estate in land as was merged by operation of law when Mrs. Faust purchased the fee simple seems to be so well established as not to require the citation of any authorities.

Merger is defined by Blackstone: "Whenever a greater estate and a less coincide and meet in the same person without any intermediate estate, the less is immediately annihilated, or is, as said in law phrase, to be merged, that is, sunk or drowned, in the greater."

Assuming that the widow's dower interest merged in the fee simple, the deed of assignment, dated October 30, 1879, executed by Mrs. Faust to Riegel and Kauffman, conveyed her entire estate in the premises.

I am next led to inquire into the effect of the reservation of the dower clause employed in all subsequent proceedings by assignee, viz.: In the petition for an order of sale; the announcement of the same by one of the assignees on the day of sale; in the return to the order of sale, and in the deed to the purchaser at the assignees' sale.

I do not believe that the insertion of the dower clause in the court proceedings and decrees therein up to the date of the assignees' sale served to revive or reinstate the dower interest to Mrs. Faust. But I am of the opinion that when, on the day of the sale, the assignees announced that the premises would be sold subject among other charges to the widow's dower of $3,544.39, the interest whereof to be paid to Elizabeth Faust, widow of Solomon Faust, deceased, during life, and after her death, the principal to Faust's children, and subject to which condition and reservation the property was sold and the deed therefor accepted,—that this was a contract between the assignees and the purchaser that made the dower interest such a new charge upon the premises as rendered the purchaser, his heirs and assigns liable. The purchaser agreed to take the property with the dower interest reserved. The deed was duly executed by the assignees in accordance with the contract of sale. It was tendered and accepted.

The question now arises, Was this act on the part of the as-

signees within the scope of their powers and authority as trustees? Although such authority to reserve the dower interest may not have been contemplated by the deed of assignment to them, yet the reservation having been made, the property sold subject thereto, and the deed therefor accepted, who can complain? Was such action of the assignees prejudicial to the rights of anyone? If so, to whom? If to any, to the purchasers or creditors of Mrs. Faust. The purchaser understood the contract and was satisfied. Neither did the creditors complain, although the estate was insolvent. It does not appear that the interests of anyone suffered, as no one complained; but, on the other hand, all parties interested who might have found fault acquiesced in the acts of the assignees. Had anyone's rights been prejudiced such persons might have had their remedy before the delivery of the assignees' deed.

Mrs. Faust could have conveyed the premises before the assignment, for a valuable consideration, and could have reserved her dower interest had she found a purchaser willing to take the title with that condition. Updegrove v. Updegrove, 1 Pa. St. 136; Shelly v. Shelly, 8 Watts & S. 153.

The assignees were no doubt competent to make the reservation for the widow in like manner as if they had acted in their individual capacity. Morrison v. Wurtz, 7 Watts, 438.

In Shultze v. Diehl, 2 Penr. & W. 277, Judge HOUSTON, in delivering the opinion of the court, said: "All the parties to a transaction can modify the terms as they please, provided they do not contravene express written law, or public policy." The same principle is declared in Zeigler's Appeal, 35 Pa. 173.

The sales in the three last-cited cases were judicial sales. The sale of the assignees having been a judicial sale, the same principles apply.

While Frederick F. Faust, the purchaser, was in possession of the premises, and had the deed thereto, wherein appeared the charge of dower interest in favor of Mrs. Faust for life, he calls on Messrs. Close and Maurer for a loan, to secure which he offers them a mortgage on his real estate. Close and Maurer examine the title. They find the charge in favor of Mrs. Faust on the land. They agree to advance the money. The mortgage is executed in April, 1881. They sell the mortgage, and when their purchaser forecloses the same, and the mortgaged premises are sold at sheriff's sale in 1884, they become the purchasers. Now

they ask to be relieved from the payment of the dower interest to Mrs. Faust, and for what reason? I can discover no other than that they found they had made a bad investment. Is this a sufficient excuse in law to relieve them? Certainly not.

Mr. Wanner proposed to prove by parol evidence that Mrs. Faust was induced by the acts of her assignees to make the assignment with the understanding that her dower interest should remain on the property. This offer was objected to as irrelevant and incompetent, and would be but evidence in support of a partial assignment. The assignment by Mrs. Faust for the benefit of her creditors was a matter that could not safely have been deferred or postponed. The reservation of her dower interest could not, under the then existing circumstances, have been considered as an inducement to its execution. There was no evidence of fraud practised upon Mrs. Faust, nor that the clause was omitted by mistake. In the absence of either fraud or mistake, parol evidence is inadmissible to vary a deed. Miller v. Smith, 33 Pa. 386.

Even had the clause been inserted in the deed of assignment its validity might have been called into question, on the ground of its being prejudicial to the interests of her creditors.

Had the reservation been an inducement to the execution of the deed of assignment, the testimony would be immaterial, as it relates to a contract to which the mortgagees were not parties and of which they had no notice.

I regard the testimony irrelevant, because I am of opinion that the widow's right to recover her dower interest is secured by the contract of sale between the assignees and the purchaser at assignees' sale, and the acceptance of the deed.

Mr. Schroeder contended that in the absence of notice at the sheriff's sale, Mrs. Faust is not entitled to make any claim on this fund. There was no evidence produced whether notice of any encumbrances was given at the sheriff's sale.

The sheriff is not required to give notice at the sale, of any encumbrance on the property offered. Re Erb, 2 Pearson (Pa.) 161.

The doctrine of *caveat emptor* applied to purchasers at sheriffs' sales. Smith v. Painter, 5 Serg. & R. 223, 9 Am. Dec. 344; Weidler v. Farmers' Bank, 11 Serg. & R. 134; McLaughlin v. Shields, 12 Pa. 289.

Under the 66th section of the act of June 16, 1836 (Purdon's

Digest, 651, pl. 82), purchasers at sheriffs' sales take the same estate in the premises as the defendant had.

By applying these principles to the present case, it can easily be determined in what position Close and Maurer placed themselves when they became the purchasers of the mortgaged premises. They simply purchased the interest of the defendant therein. No greater, no less. What his interest was, was a matter of record of which they were bound to take notice.

The commissioner reported that the sum for distribution amounted to $997.92. He allowed Mrs. Faust interest, amounting to $584.82, from April 5, 1881, the date of the assignees' deed, to January 5, 1884, the date of the sheriff's sale. The balance, after deducting the costs of the audit, he awarded to Levi H. Liess.

Various exceptions were filed to the commissioner's report; among others to his method of distributing the proceeds.

The exceptions were dismissed by the court, HAGENMAN, J., filing the following opinion:

"The auditor has rightfully distributed the fund.

"It has been well settled as a general rule that a judicial sale will not discharge an encumbrance, whether created by the law or by the parties, when the charge stands in the titles and can be discharged only by the court undertaking to administer the fund by investing it in order to fulfil the purpose of it. And it has also been as firmly held that although the charge itself may be a fixed lien, incapable of devestiture, because incapable of computation, the rule is different as to any arrears of rent, annuity, or interest which may be due at the time of the sheriff's sale; because such arrears are ascertainable with certainty in amount, and therefore payable out of the fund. This rule applies only where the lien next the fixed charge is discharged by the sheriff's sale. But if the first lien after the fixed charge is not devested by the sale, the interest of the fixed charge remains on the property and is not payable out of the fund.

"Applying these principles, the questions raised by the exceptions are easily solved. The first lien, after the fixed charge, was the mortgage on which the property was sold, and the fund raised for distribution. The interest, therefore, due on the fixed charge at the time of the sale, is payable out of the proceeds.

"The exceptions are dismissed, and the report is confirmed."

The assignments of error specified the action of the court in confirming the distribution as made by the commissioner.

*D. E. Schroeder,* for appellants.—By the acceptance of the trust the assignees did not become purchasers, only mere volunteers. Ritter v. Brendlinger, 58 Pa. 68; Missimer v. Ebersole, 87 Pa. 109.

An assignee claims through the assignor. His rights rise no higher. He is a mere representative of the assignor, enjoying his rights only, and is bound when the assignor would be. Kent's Appeal, 87 Pa. 167.

An assignee selling under the power and authority of the act of assembly becomes the instrument or ministerial officer of the law. His powers are limited to those conferred by the act and the orders and decrees of the court. He must sell the real estate by direction of the court under the law. He cannot assume powers not authorized by the law or the court. Nor can the court assume any unauthorized powers, and confer them on the assignee, or by confirming such unauthorized acts of the assignee make them binding on the purchaser, or others interested.

Such acts would be contrary to law and good conscience, and therefore fraudulent.

Fraud consists of acts contrary to law or equity.

"Ordinarily, an assignee for the benefit of creditors is the mere instrument or hand of the assignee, to distribute the assigned property or its proceeds." Wright v. Wigton, 84 Pa. 163; *Re* Fulton, 51 Pa. 204; Detwiler's Appeal, 96 Pa. 326.

But since the act of February 17, 1876, when an assignee proceeds with the sale of the assigned real estate under said act he is in a different position. He then becomes the agent of the law and the court, a ministerial officer in effecting the sale. He is like an administrator selling under an order of sale; and the law that would apply to the case of an administrator selling under an order of sale in an orphans' court applies to assignees selling under order of sale in common pleas, under act of February 17, 1876, above. Myers v. Hodges, 2 Watts, 383, 27 Am. Dec. 319.

The advertisement and conditions of sale of real estate, by order of court, determine the responsibilities of the vendee, and

not the representations of the administrator, which (being beyond the scope of his special agency) are to be taken like those of any third person, at the risk of the vendee. Miles v. Diven, 6 Watts, 148.

An administrator has no power to change the terms prescribed by the court, in an order of sale. Eshelman v. Witmer, 2 Watts, 263.

No evidence was submitted before the commissioner, to show that Frederick F. Faust had knowledge or was informed of the fact that the yearly interest charge was put into the assignees' deed under any agreement with him or others. He is and was a lunatic at the time the commissioner had his meetings. His silence is not a ratification.

A vendor is not estopped from disaffirming his contract on the ground of fraud by any acts of affirmance taking place before discovery of the fraud, or its full extent and character. Mackinley v. McGregor, 3 Whart. 369, 31 Am. Dec. 522.

Mere silence will not amount to a ratification of an unauthorized lease executed by an officer of a corporation. Kersey Oil Co. v. Oil Creek & A. R. Co. 34 Phila. Leg. Int. 362.

To give effect to an act of ratification there must be a full knowledge of all material facts and circumstances attending the transaction. The party must know that he would not be bound without such ratification. Pittsburgh & S. R. Co. v. Gazzam, 32 Pa. 340.

The yearly interest charge was not such a charge or encumbrance as would be devested or discharged by the sheriff's sale, and any arrearages of it, due at the time of sale, would not have to be paid out of the proceeds of sale. It would be a fixed charge or lien remaining with the land, and under this sheriff's sale proceeding, by virtue of *lev. fa. sur* mortgage, the land would go to the purchaser, subject to the yearly interest on such fixed charge, and all arrearages due on it, as part of the fixed charge. Helfrich v. Weaver, 61 Pa. 385; Northern Liberties v. Swain, 13 Pa. 113; Devine's Appeal, 30 Pa. 348; Wertz's Appeal, 65 Pa. 306.

The mortgage being a fixed lien, the sale is subject to all prior encumbrances.

If the view is taken by the court that the charge in the assignees' deed of payment of the yearly interest to Elizabeth Faust for life is like that of a rent or annuity, I would draw at-

tention to the ruling in Sands v. Smith, 3 Watts & S. 9: "On a conveyance of land to one, his heirs and assigns, at a certain rent, payable annually after the expiration of seven years, for one hundred years, with a clause of distress, the arrears of rent due at the time of a sheriff's sale of the land on a judgment on mortgage against the terretenant are not payable by the sheriff out of the purchase money, but the landlord may distrain them."

In the above case there was no intervening fixed lien between the mortgage foreclosed and the rent charge.

*A. B. Wanner, George F. Baer,* and *Jeff.' Snyder* for appellee.

PER CURIAM:

It is only necessary to refer to the deed as the deed of the assignees of Elizabeth Faust to Frederick F. Faust, to ascertain that her dower interest was charged upon the land. It was also properly ruled that upon the sale of this land by the sheriff, as the property of Frederick F. Faust, she was entitled to have, out of the proceeds thereof, the interest that had accrued upon the said charge, or fixed lien.

Decree affirmed and appeal dismissed, at costs of appellants.